FILED
2016 Aug-02  PM 06:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
Southern Division

| | | |
|---|---|---|
| MARNIKA LEWIS, et al., | ) | |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) | Civil Action No. 2:16-cv-690-RDP |
| THE STATE OF ALABAMA, et al., | ) ) | |
| *Defendants*. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY (DOC. 24)**

Defendants filed a Motion to Dismiss the Amended Complaint that, if granted, would dispose of this case in its entirety (doc. 30). As the Eleventh Circuit has found appropriate in the context of such a motion, Defendants moved for a stay (doc. 24) to avoid needless and costly discovery while that motion is pending. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997).

Plaintiffs filed an opposition to Defendants' Motion to Stay, but that pleading is really an opposition to our Motion to Dismiss. Discovery should not be stayed, Plaintiffs argue, because the claims should not be dismissed. They would have this Court decide the Motion to Dismiss first and then determine whether discovery should be stayed, but the purpose of the doctrine is to avoid the time and monetary expense of unnecessary discovery *while* the Motion to Dismiss is under review.

Defendants will not in this pleading address every argument Plaintiffs make in regard to the Motion to Dismiss. When Plaintiffs file their full opposition (by August 19, 2016, *see* doc. 32), Defendants will reply in accordance with the Court's scheduling order. For now it is sufficient to point out that Defendants' Motion to Dismiss is far more meritorious than Plaintiffs' abbreviated arguments suggest. On jurisdiction, a ruling against the named Defendants will not

increase Plaintiffs' wages, and without redressability, there is no standing. On the merits, Plaintiffs have not shown that a law that applies to every employer of every employee of every race in every municipality in the State could somehow be discriminatory. Nor have they shown that Alabama and the sixteen other States establishing a uniform minimum wage have reinstituted slavery or implicated voting rights. And Plaintiffs are incorrect to suggest that "fact-intensive" racial discrimination claims are somehow not subject to a motion to dismiss; plaintiffs who bring a discrimination claim must, like all plaintiffs, state a claim for relief that is plausible on its face. *Am. Dental Ass'n v. Cigna Corp*, 605 F.3d 1283, 1289 (11th Cir. 2010).

In short, Plaintiffs opposition to the Motion to Stay does not refute the arguments in Defendants' Motion to Dismiss. Defendants have, at the very least, raised serious challenges to Plaintiffs' claims and this Court's jurisdiction. Discovery should not proceed until those issues are resolved, or else the parties risk spending time and money on discovery that never should have occurred.

If discovery proceeds, it would indeed be time-consuming and expensive, and not just for the parties and their attorneys. At the parties' Rule 26 planning meeting, Plaintiffs made clear that a prominent focus of discovery will be third-party discovery against Legislators. Such discovery will no doubt lead to motions addressing Legislative privilege, requiring this Court's attention. *See In re Hubbard*, 803 F.3d 1298, 1307-08 (11th Cir. 2015).

In *Hubbard*, the Alabama Education Association sought third-party discovery from Legislators concerning their motivations for passing a bill (the same purpose these Plaintiffs would seek third-party discovery). The district court refused to quash the subpoenas, and on appeal, the Eleventh Circuit reversed. In doing so, the court emphasized the importance of the privilege: "The legislative privilege is important. It has deep roots in federal common law." 803

F.3d at 1307-08 (citations omitted). Further, the Court explained that a purpose of the privilege is to permit Legislators to focus on their public duties instead of litigation brought by those opposed to the Legislature's decision:

> The legislative privilege protects against inquiry into acts that occur in the regular course of the legislative process and into the motivation for those acts. One of the privilege's principle purposes is to ensure that lawmakers are allowed to focus on their public duties. That is why the privilege extends to discovery requests, even when the lawmaker is not a named party in the suit: complying with such requests detracts from the performance of official duties.

*Id.* at 1310 (citations and footnote omitted).

If discovery is allowed to proceed, this Court will likely be presented with motions from Legislators asserting the legislative privilege. Those motions will no doubt be hard-fought. Staying discovery thus would not only enable the parties and their lawyers to avoid needless discovery; it will also prevent Legislators from having to obtain counsel and argue these privilege issues before this Court until the Court decides whether the claims should move forward. Whether legislative or executive officials, and whether they be parties or the target of third-party discovery, public officials should not be distracted from their public duties to engage in discovery that may very well be unnecessary. Indeed, stays are routine in cases like this one involving public officials. *See* doc. 24 at 3 n.1.

As a final point, a stay makes sense even if some claims are not dismissed. Defendants of course contend that all of Plaintiffs' claims fail, but even a partial dismissal would narrow the scope of discovery, providing guidance on what discovery is permissible and from whom. A stay would ensure that if any claim remains and discovery proceeds, discovery will be properly focused on the remaining claims and parties.

*    *    *

The Eleventh Circuit noted that, "if possible," a court should rule on a motion to dismiss claims (particularly "dubious" claims) before issuing discovery orders. *Chudasama*, 123 F.3d at 1368. This case involves many of the hallmarks of cases where stays are most appropriate: novel claims for relief, the prospect of extensive discovery, public officials who would be distracted from their duties if required to engage in that discovery, and a comprehensive motion to dismiss testing the legal validity of those claims. For all these reasons, Defendants ask that discovery be stayed until this Court has the opportunity to rule on Defendants' motion to dismiss.

Respectfully submitted,

Luther Strange (ASB-0036-G42L)
  *Attorney General*

s/James W. Davis
James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*
William G. Parker, Jr. (ASB-5142-I72P)
  *Assistant Attorney General*

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
(334) 242-7300
jimdavis@ago.state.al.us
wparker@ago.state.al.us

***Counsel for the State of Alabama &
Attorney General Strange***

### CERTIFICATE OF SERVICE

I certify that on August 2, 2016, I filed the foregoing document electronically via the Court's CM/ECF system, which will send a copy to all counsel of record.

 s/James W. Davis
Attorney for the Defendants

4